# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 2, 2021 Session

## FEDERAL NATIONAL MORTGAGE ASSOCIATION v. CONNIE MUNDY ET AL.

### Appeal from the Circuit Court for Hamilton County
### No. 15C483   Kyle E. Hedrick, Judge

———————————————————

### No. E2020-00825-COA-R3-CV

———————————————————

Generally at issue in this litigation is the propriety of a foreclosure.  The trial court held that summary judgment should be entered in the appellee's favor due to, among other things, the appellant's lack of standing.  The appellant's principal brief only raises issues connected to the trial court's determination on standing, although even these issues have now been disclaimed by the appellant on appeal.  We therefore affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

Connie Mundy,[1] Georgetown, Tennessee, Pro se.

Junaid A. Odubeko and Benjamin W. Perry, Nashville, Tennessee, for the appellee, Federal National Mortgage Association.

### MEMORANDUM OPINION[2]

---

[1] The initial brief in this appeal was filed by Ms. Mundy's former appellate counsel, but as noted herein, he subsequently was permitted to withdraw from the case.

[2] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This appeal is between Federal National Mortgage Association ("Fannie Mae") and Connie Mundy ("Ms. Mundy") and concerns real property located in Georgetown, Tennessee ("the Property") that was previously titled in the name of Ms. Mundy's former husband. In 2002, prior to his marriage to Ms. Mundy, Mr. Mundy obtained a bank loan and executed a note as evidence of his indebtedness. In connection with the loan, he also executed a deed of trust on the Property to secure repayment of his obligations. Notably, Mr. Mundy was the sole signatory on the note and deed of trust.

Ms. Mundy, who has resided on the Property, received a quitclaim deed for the Property from her former husband in September 2012 as a result of the parties' divorce. Although the Property was encumbered, Ms. Mundy argues on appeal that she made the mortgage payments on the Property, whereas Fannie Mae notes in its brief that Ms. Mundy never legally assumed the obligations under the note and never became a party to it. As is of concern herein, Fannie Mae purchased the Property at foreclosure.

Subsequent to the foreclosure, Fannie Mae filed a detainer suit in the General Sessions Court of Hamilton County, and a judgment was entered in its favor. Ms. Mundy thereafter appealed to the Hamilton County Circuit Court ("the trial court"). In addition to her appeal, Ms. Mundy interposed counterclaims in the trial court which were devoted to establishing that the underlying foreclosure was wrongful.

Fannie Mae moved for summary judgment and for dismissal of Ms. Mundy's counterclaims. It argued, among other things, that Ms. Mundy lacked standing to raise any claims for breach of the deed of trust or promissory note and that, even if she did have standing, all contractual and statutory requirements to foreclose were fulfilled. The trial court ultimately found favor in both of these arguments. In connection with its conclusion that all requirements for the foreclosure sale had been fulfilled, the trial court noted that there had been compliance with "all statutory requirements to foreclose on the property" and with "all contractual requirements to accelerate the loan and initiate foreclosure proceedings." The court separately held that Ms. Mundy had no standing to assert violations of either the note or the deed of trust pertaining to the Property. As a result of its determinations, the trial court entered summary judgment in Fannie Mae's favor and held that Ms. Mundy's appeal and her counterclaims were dismissed. Ms. Mundy timely appealed to this Court.

In her principal appellate brief, Ms. Mundy only directly challenges the trial court's conclusions regarding the issue of standing. Indeed, her raised issues simply speak to the question of whether she can "contest" matters connected to the foreclosure. The same is reflected in the "Argument" and "Conclusion" sections of her brief, the latter of which recites as follows: "Appellant submits that under the facts herein she has standing to raise the issues raised in her counter-complaint and response to the Summary Judgment Motion and asserts that the Lower Court decision be reversed and sent back to the lower court for further proceedings."

The limited nature of Ms. Mundy's appeal is problematic inasmuch as she has not challenged an independent basis supporting the trial court's adjudication. As noted above, in addition to addressing the question of standing, the trial court determined that there had been compliance with the contractual and statutory requirements to foreclose. Not addressing this concern in her principal appellate brief results in a waiver of Ms. Mundy's pursuit of appellate relief. *See Lovelace v. Baptist Mem'l Hosp.-Memphis*, No. W2019-00453-COA-R3-CV, 2020 WL 260295, at *3 (Tenn. Ct. App. Jan. 16, 2020) (noting that this Court has previously ruled that a "party waived its claim of error on appeal by appealing less than all of the grounds upon which the trial court issued its ruling").

Subsequent to the filing of her initial brief, which was submitted by her former counsel,[3] Ms. Mundy has proceeded on appeal pro se, including in connection with her filing of a reply brief. Her reply brief purports to raise many varied additional issues for our consideration, but pursuant to two orders we have previously entered in this case, we rejected Ms. Mundy's efforts to have her reply brief replace her principal brief filed by her former counsel. In our denial of Ms. Mundy's request to have her reply brief constitute her principal brief, we cited the concern that Ms. Mundy's proposal would "deny appellee of its right to respond pursuant to Tenn. R. App. P. 29(a)." Our rulings on this subject were consistent with the oft-cited principle that a reply brief is not a vehicle for raising new issues. *Owens v. Owens*, 241 S.W.3d 478, 499 (Tenn. Ct. App. 2007).

Assuming *arguendo* that we regarded Ms. Mundy's reply brief as a proper substitute for her initial brief (which we do not), Ms. Mundy fares no better. The same basic problem inherent in her initial brief still exists, albeit in reverse. The reply brief makes clear that the only issues that previously had been properly raised on appeal (regarding standing) are *not* a subject of Ms. Mundy's present concern. At various places, she writes as follows:

> Standing is not an issue I was appealing.
>
> . . . .
>
> My appeal is not concerning standing.
>
> . . . .
>
> Standing is not something I appealed.

As it is, Ms. Mundy has presented an initial brief that fails to challenge all grounds that supported the trial court's summary adjudication. Although this alone is problematic,

---

[3] During the pendency of the appeal, we entered an order granting Ms. Mundy's appellate counsel leave to withdraw from the case after he filed a motion stating that Ms. Mundy had requested the withdrawal.

it is noteworthy that the only concern she has ever properly raised on appeal (the issue of her standing) is something she now disclaims entirely.  In addition to the representations in her reply brief, Ms. Mundy specifically admitted at oral argument that issues raised in the initial brief regarding standing are not of her concern.  Based on the foregoing discussion, the trial court's judgment is affirmed.

 

 

_s/ Arnold B. Goldin_ 
ARNOLD B. GOLDIN, JUDGE
